Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
**FINESTONE HAYES LLP**
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Telephone: (415) 616-0466
Facsimile: (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Janina M. Hoskins,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GROWTH CAPITAL SERVICES, INC.,<br><br>Debtor. | Case No. 22-30218-HLB<br>Chapter 7<br>Hon. Hannah L. Blumenstiel<br><br>**DECLARATION OF CHRISTOPHER SULLIVAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL** |

I, Christopher Sullivan, declare:

1. I am a partner in the law firm of Sullivan Blackburn Pratt LLP (the "Firm"). The Firm is a small firm with currently six partners, one associate, and one law clerk, as set forth on the Firm's website, www.sullivanblackburn.com.

2. Subject to 11 U.S.C. §328(a), the Bankruptcy Rules, the Guidelines, and the rules and rulings of this Court, the Firm's engagement agreement with the Trustee provides for payment to the Firm on a contingency fee basis, on the terms set forth in the engagement agreement, an authentic copy of which is attached hereto as **Exhibit A**. I acknowledge that compensation and reimbursement of expenses to the Firm shall comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, Bankruptcy Local Rules, and applicable Fee

Guidelines. The Firm has not shared or agreed to share compensation with any entity except as among its attorneys.

3. Having reviewed the filings of the Debtor, as well as the current and former clients of the Firm, I believe that the Firm does not represent any interest adverse to the Debtor or its estate. Nor does the Firm hold any interest materially adverse to the interests of the Debtor or its estate. After diligent inquiry, I believe that the Firm is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

4. After diligent inquiry I believe neither the Firm, nor any of its attorneys, have any connection with the Debtor, any creditors of the estate, any party in interest, their attorneys or accountants, any judge of this Court, the United States Trustee, or any person employed in the office of the United States Trustee.

I declare under penalty of perjury that the above statements are true and with respect to those matters stated on information and belief, I believe them to be true. This Declaration was executed in San Francisco County, California on January 25, 2023.

                                        */s/ Christopher Sullivan*
                                        Christopher Sullivan

# Exhibit A

 **SULLIVAN BLACKBURN PRATT LLP**

456 Montgomery Street, Suite 900, San Francisco, CA 94104

Main: 415.691.4518

Writer's Direct Dial:
415.869.6994

Christopher D. Sullivan, Partner
E-mail: csullivan@sullivanblackburn.com

January 24, 2023

**Via E-Mail Only**

Janina M. Hoskins, Chapter 7 Trustee
*In re Growth Capital Services, Inc.*, Case No. 22-30218-HLB
Jmelder7@aol.com

Re: Agreement to Provide Legal Services as Special Counsel to Chapter 7 Trustee -- *In re Growth Capital Services, Inc.*, Case No. 22-30218-HLB

Dear Ms. Hoskins:

This letter of engagement (the "Agreement") is made between Sullivan Blackburn Pratt LLP ("Sullivan Blackburn" or the "Firm") and you in your role as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Growth Capital Services, Inc. ("Debtor"). The purpose of this letter is to set forth the terms of the Trustee's engagement of Sullivan Blackburn as special counsel, including the contingency compensation provisions for the representation. Sullivan Blackburn has agreed to accept and undertake this representation subject to the terms of and approval of this Agreement by the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") pursuant to 11 U.S.C. § 328(a).

This Agreement is conditioned upon, and will not be effective until, the Bankruptcy Court grants an application of employment for the Firm and approves the terms of the Agreement.

(1) **Scope**. The scope of Sullivan Blackburn's legal services will consist of serving as special counsel to the Trustee and Estate in connection with investigating and pursuing potential claims, including fraudulent transfers and related claims against Big Path Capital LLC, Michael Whelchel and/or Finalis Securities, LLC; a number of individuals associated with the Debtor; and potential improper conduct by parties related to the Debtor. Sullivan Blackburn's services shall include, but are not limited to, filing applications for examinations pursuant to Federal Rule of Bankruptcy Procedure 2004.

Sullivan Blackburn only represents the Trustee on the matters described in this Agreement. The Trustee has separately employed general bankruptcy counsel to represent the Trustee in the Bankruptcy Case. Further, Sullivan Blackburn cannot advise the Trustee on any tax, regulatory, employment, environmental or corporate matter. The Trustee should consult separate counsel for any of these matters, or any other matter outside the scope of this Agreement.

Sullivan Blackburn is undertaking the Contingency Litigation Claims on a contingency fee basis, which is subject to the terms and conditions specified herein and approval by the

Bankruptcy Court under 11 U.S.C. § 328(a). The Firm will be compensated for its services only when the Trustee obtains a Recovery (as defined in Section 4 below) either through settlement, judgment, reduction or elimination of claims against the Estate, or otherwise.

(2) **Your Responsibility As Client**. In connection with the Contingency Litigation Claims, the Trustee agrees to use reasonable efforts to appear on reasonable notice at any and all depositions, mediations, court-appointed settlement conferences and various court proceedings to the extent deemed necessary or considered mutually desirable by us. Other than attendance at meetings, depositions, etc., as above described, the Trustee and her representatives will comply with, and reasonably cooperate with, all of our reasonable requests in connection with the pursuit of the Contingency Litigation. The Trustee agrees to fully and accurately disclose all facts discovered or currently known to her and to keep Sullivan Blackburn informed of all developments relating to this case. We necessarily must rely on the accuracy and completeness of the facts and information you and/or your agents provide to us. Likewise, we will make ourselves reasonably available to the Trustee as may be appropriate in order to enable us to effectively render the legal services contemplated, answer any questions as may be appropriate, and give the Trustee sufficient time to act or react to our requests for review of, or responses to, discovery or other requests.

(3) **Settlement**. You will have the sole and exclusive right to accept or reject any offers for settlement of any of the Contingency Litigation Claims, subject to any and all necessary court approvals. You acknowledge and agree to weigh carefully our opinions and recommendations with respect to all settlement matters.

(4) **Sullivan Blackburn's Compensation**. For representing the Trustee in connection with the Contingency Litigation Claims, Sullivan Blackburn shall earn a contingency fee payable by the Estate as set forth below, which contingency fee shall be approved with this Agreement under 11 U.S.C. § 328(a):

(a) "Gross Recovery," "Gross Recoveries" or "Recovery," means any and all monetary payments or other valuable property received by the Estate arising from, pertaining to or resulting from the pursuit of the Contingency Litigation Claims. For the purposes of calculating the appropriate contingency fee, a Recovery is "received" when the Estate, Trustee or her agent takes possession or control of any Recovery. Gross Recovery, Gross Recoveries, or Recovery shall include value received by the Estate from the disallowance of any claims resulting from resolution of Contingency Litigation Claims. For the purposes of determining the value received by the Estate from the disallowance of any claims resulting from resolution of Contingency Litigation Claims, the value shall be equal to the percentage of the pro rata distribution to unsecured creditors by the Estate applied to the amount of the disallowed claim at the time of any interim and/or final distributions to unsecured creditors, and the Firm shall be paid that amount of the Firm's contingency fees due at the time of any interim and/or final distribution due to the disallowance of any claims. "Net Recovery"

SULLIVAN BLACKBURN PRATT LLP
Janina M. Hoskins
January 24, 2023

or "Net Recoveries" means any Gross Recovery or Recoveries less any Expenses, as defined below in paragraph 5.

(b) "Commencement of Trial" shall mean the first scheduled day of any bench trial, jury trial or arbitration set by the court or arbitrator(s) in any lawsuit, legal action, contested proceeding or arbitration filed by the Firm on the Trustee's or Estate's behalf, even if that first scheduled trial or arbitration date is continued or rescheduled to a later date.

(c) Given that this is a contingency agreement, Sullivan Blackburn will consciously record its time as actually incurred, but not with the same detail as required to support an application for compensation under 11 U.S.C. §330.

(d) In the event, (i) The Trustee and the Estate have sufficient funds to timely pay all Expenses (as defined below in paragraph 5) as Expenses are incurred, regardless of the receipt of any recoveries from the Contingency Litigation Claims, and (ii) the Trustee and the Estate, pursuant to a settlement, judgment or otherwise receive a Recovery after twenty (120) days of the Bankruptcy Court's order approving Sullivan Blackburn's employment and before Commencement of Trial, Sullivan Blackburn shall be entitled to thirty three and one-third percent ($33^{1/3}\%$) of all Net Recoveries so received.

(e) Since the Trustee presently is unable to timely pay any and all Expenses and the Trustee and Estate receive a Recovery pursuant to a settlement, judgment or otherwise at any time after twenty (120) days of the Bankruptcy Court's order approving Sullivan Blackburn's employment and before Commencement of Trial, Sullivan Blackburn shall be entitled to both (i) thirty seven and one-half percent ($37^{1/2}\%$) of all Net Recoveries so received, and (ii) reimbursement of all unpaid Expenses (as defined below) to be paid from any Recovery.

(f) In the event, (i) The Trustee and the Estate generate sufficient funds to timely pay all Expenses (as defined below in paragraph 5) as Expenses are incurred, regardless of the receipt of any recoveries from the Contingency Litigation Claims, and (ii) the Trustee and the Estate, pursuant to a settlement, judgment or otherwise receive a Recovery after Commencement of Trial, Sullivan Blackburn shall be entitled to thirty six percent (36%) of all Net Recoveries so received.

(g) If the Trustee is unable to timely pay any and all Expenses and the Trustee and Estate receive a Recovery pursuant to a settlement, judgment or otherwise at any time after Commencement of Trial, Sullivan Blackburn shall be entitled to both (i) forty percent (40%) of all Net Recoveries so received, and (ii) reimbursement of all unpaid Expenses (as defined below) to be paid from any Recovery.

(5) **Expenses**. Subject to the Estate having available funds sufficient to pay out-of-pocket expenses, we have agreed that the Trustee and the Estate are obligated to pay all

necessary out of pocket expenses incurred in connection with the Contingency Litigation Claims, which expenses can be paid on an interim basis by the Trustee if there are sufficient funds available in the Estate. Such expenses paid by the Estate or advanced by Sullivan Blackburn are ultimately subject to Bankruptcy Court approval and allowance pursuant to 11 U.S.C. §§ 330(a)(1)(B) and 331, the local rules for the Bankruptcy Court and United States Trustee Guidelines. Sullivan Blackburn will maintain records of the costs and expenses incurred in connection with its legal services for inclusion in interim applications for expense payments and reimbursements filed pursuant to 11 U.S.C. § 331, or as otherwise provided by order of the Bankruptcy Court. We anticipate that we will incur certain pre-suit expenses and post-suit expenses for, *inter alia*, expert witnesses, jury consultants, demonstrative evidence consultants, photocopying, scanning, digitizing and document imaging/coding, postage, facsimiles, long-distance telephone calls, travel, delivery, computerized research, deposition and court reporting transcript and other fees, videography fees and costs (together, the "Expenses"). We will seek your approval prior to incurring any Expense greater than $5,000 with the understanding that all Expenses ultimately must be approved by the Bankruptcy Court on an interim or final basis. In connection with our engagement of any and all experts, we will discuss each potential retention with the Trustee and obtain approval prior to any such retention.

(6) **Termination and Withdrawal**. Our relationship is based on mutual consent, and either the Trustee or the Firm may terminate the representation upon ten days written notice for any reason, with or without cause, subject to Bankruptcy Court approval and as consistent with the California Code of Professional Responsibility. If the Trustee terminates the representation, then all legal fees and expenses incurred prior to such termination date will become immediately due and payable, subject to Bankruptcy Court approval, and the Trustee, on behalf of the Estate, hereby agrees to pay Sullivan Blackburn from any Recovery the reasonable value of the services rendered through the date of such termination, based on Sullivan Blackburn's approved rates in the Bankruptcy Case. Sullivan Blackburn's approved rates are set forth in the rate schedule attached to this Agreement. If the Firm voluntarily withdraws with Bankruptcy Court approval, California law will apply to the determination of the split of contingent or other fees between the Firm and any successor firm(s).

(7) **Payment of Proceeds To Sullivan Blackburn**. The Trustee agrees that if the Contingency Litigation Claims are resolved piecemeal, the Estate's receipt of any Recovery triggers Sullivan Blackburn's right to be paid by the Trustee (*i.e.*, Sullivan Blackburn's right to fees is not dependent on resolving all claims against any or all potential or actual defendants). Upon receipt of any Recovery, Sullivan Blackburn will be entitled to payment of its applicable contingency fee pursuant to the calculation of its Net Recovery entitlement as of that date, subject to bankruptcy court approval.

For example, if Sullivan Blackburn is pursuing claims on the Trustee's or Estate's behalf involving separate litigation cases or a single case against multiple defendants and a settlement is reached with one particular defendant resulting in a Recovery to the Estate, Sullivan Blackburn would then be entitled to payment by the Trustee of its applicable contingency fee based on the Net Recovery received as of that date.

The payment of any contingency fee, as set forth in Section 4, above, shall be evaluated on a per defendant, per claim basis. Any contingency fee payment to Sullivan Blackburn with respect to Net Recoveries realized by the Estate with respect to one claim or defendant shall be calculated in accordance with Section 4 herein based upon the phase of litigation pending against such defendant with respect to such claim, regardless of the contingency fee paid with respect to other defendants or claims.

(8) **No Reliance**. It is understood and agreed that neither the Trustee nor Sullivan Blackburn are relying on any representations or statements made by each other, including relating to the potential economic damages that could be sought in the Contingency Litigation and that each of the parties represents that entering into this Agreement is on reliance of its own judgment, beliefs and knowledge.

(9) **No Guarantees**. The Trustee hereby acknowledges that Sullivan Blackburn has made no guarantees regarding the successful outcome of any actual or potential litigation arising out of this Agreement and that any and all expressions about the possible outcome(s) of such litigation are only preliminary opinions.

(10) **Your Independent Determination as to Fairness and Reasonability**. The Trustee acknowledges that: (i) Sullivan Blackburn did not act as counsel to the Trustee or Estate in preparing or negotiating this Agreement; (ii) the Trustee and her representatives have made sufficient investigation and inquiry to determine that this Agreement is fair and reasonable; (iii) this Agreement was the product of an arm's length negotiation between the Trustee and Sullivan Blackburn; (iv) the Trustee has had ample opportunity to review the Agreement independently and with separate counsel; and (v) the Trustee is entering into this engagement freely and voluntarily subject to Bankruptcy Court approval.

(11) **Severability**. In case any one or more of the provisions contained in this Agreement should for any reason be found unenforceable in any respect, the parties agree that such unenforceability shall not affect any other provision, and that all other provisions of this Agreement shall remain valid and enforceable.

(12) **Survival**. The parties intend that this Agreement shall be binding on the Estate's and Trustee's successors and assigns (including, without limitation, any subsequent trustees,

post-confirmation trust, litigation trust, or other entity that succeeds to the Contingency Litigation Claims) and enforceable by such successors and assigns and Sullivan Blackburn, each against the other.

(13)  **Governing Law**. This Agreement shall be construed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure or, where applicable, the laws of the State of California, without regard for its conflict of laws rules

(14)  **Integration; Amendment**. This Agreement constitutes the final, sole, and only agreement of the parties hereto regarding the Firm's fees and the parties' duties and obligations in this matter, and supersedes any prior written or oral understandings or agreements between the parties respecting those subjects. This Agreement may not be modified, amended, or replaced except by another written agreement signed by the parties hereto, or their successors or assigns, that is approved by the Bankruptcy Court.

(15)  **Execution in Counterparts**. It is understood and agreed that this Agreement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes, but all of which shall constitute one and the same agreement.

(16)  **Effective Date**. This Agreement shall become effective only upon the granting of an application to employ Sullivan Blackburn as Special Counsel on the terms and conditions set forth herein and approval of this Agreement by the Bankruptcy Court.

(17)  **Dispute Resolution**. In the event any disputes arise in connection with this Agreement, such disputes must be submitted to the Bankruptcy Court for resolution.

(18)  **Availability of ADR**. The parties hereto are fully cognizant of the fact that various ADR (Alternative Dispute Resolution) techniques and procedures may be available to resolve any litigation arising out of the Firm's pursuit of the Contingency Litigation Claims. These techniques and procedures include, *inter alia*, mediation, arbitration, mini-trial, summary jury trial and early case evaluation. During the progress of the representation, Sullivan Blackburn will provide guidance to the Trustee regarding the availability and potential use of ADR to resolve such litigation.

If the terms of the Firm's engagement as outlined above are understood and satisfactory to you, please evidence the same by signing in the space provided below and returning an executed copy of this Agreement to the undersigned.

SULLIVAN BLACKBURN PRATT LLP
Janina M. Hoskins
January 24, 2023

DIAMOND MCCARTHY LLP

By: _____
Christopher D. Sullivan, Partner

ACCEPTED AND AGREED

This 24th day of January, 2023.

_____
Janina M. Hoskins, Chapter 7 Trustee
For the Estate of Growth Capital Services, Inc.

SULLIVAN BLACKBURN PRATT LLP
Janina M. Hoskins
January 24, 2023

## *ADDITIONAL TERMS OF ENGAGEMENT*

These are the *Additional Terms of Engagement* referred to in our engagement letter. Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully and retain it for your files. If you have any questions after reading it, please contact us promptly.

**Who Will Provide the Legal Services?**

In most cases, one attorney will be your principal contact. From time to time, that attorney may delegate parts of your work to other lawyers or to legal assistants or non-legal professionals in the firm. We do this in order to involve those with special knowledge or experience in an area and/or to provide service to you in a timely and efficient manner.

**The Scope of the Representation**

As lawyers, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the firm has agreed to provide. In our engagement letter with you, we specify the matter in which we will provide representation and the scope of the services we will provide. If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with your principal contact at the firm.

We cannot guarantee the outcome of any matter. Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control.

**Your Cooperation**

To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

**Our Relationships With Others**

Our law firm represents various companies and individuals. In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests. Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another. In other situations, we may be permitted to represent

a client only if the other client consents to that representation.

If a controversy unrelated to the subject matter of the representation develops between you and any other client of the Firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated controversy. In making this determination, we will consider your agreement to the Conflicts of Interest provisions in these *Additional Terms of Engagement.*

We have professional and personal relationships with many other attorneys and law firms, often because of our participation in bar associations and other professional organizations. We believe that these relationships with other attorneys do not adversely affect our ability to represent any client and, in some circumstances, may enhance our representation. Your acceptance of our engagement letter means you consent to any such relationships between our Firm and other lawyers or law firms, even counsel who is representing a party that is adverse to you in the matter that is the subject of this engagement or in some other matter.

**Conflicts of Interest**

Conflicts of interest greatly concern both lawyers and clients. We attempt to identify actual and potential conflicts at the outset of any engagement, and may request that you sign a conflict waiver before we accept an engagement from you. Occasionally, other clients or prospective clients may ask us to seek a conflict waiver from you so that we can accept an engagement on their behalf. Please do not take such a request to mean that we will represent you less zealously; rather, that we take our professional responsibilities to all clients and prospective clients very seriously.

We may be asked to represent someone whose interests may be adverse to yours. We are accepting this engagement on the understanding that our representation of you will not preclude us from accepting any other engagement from any existing or new client, provided that (i) such engagement is not substantially related to the subject matter of any services we are providing to you, and (ii) in accepting such other engagement we would not impair the confidentiality of proprietary, sensitive or otherwise confidential communications you have made to us.

Rules concerning conflicts of interest vary with the jurisdiction. In order to avoid any uncertainty, our policy is that California Rules of Professional Conduct will be applicable to the representation. Your acceptance of our engagement letter means you agree with that policy, unless the engagement letter specifically states that some other rules of professional responsibility will govern our attorney-client relationship.

**How We Set Our Fees**

The basis for determining our fee for legal services is set forth in the engagement letter itself. If you are unclear about the basis for determining your fee, please contact the principal

attorney responsible for your representation.

Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

**Charges For Other Expenses And Services**

As an adjunct to providing legal services, we may incur and pay a variety of charges on your behalf or charge for certain ancillary support services. Whenever we incur such charges on your behalf or charge for such ancillary support services, we will bill them to you as part of your monthly invoice. Accordingly, our invoices usually will include amounts, not only for legal services rendered, but also for other expenses and services. Examples include charges for photocopying, postage, facsimiles, long-distance telephone calls, travel and conference expenses, delivery charges, computerized research, and facsimile and other electronic transmissions. Outside expenses will generally be billed at cost, while some in-house expenses (*e.g.*, copying, telecopying, computer services and in-house research) will include a reasonable allocation of overhead. In appropriate cases, reimbursable expenses will also include overtime charges for secretaries and other staff.

You authorize us to retain third-parties, such as consultants, experts and investigators, as may be necessary to the representation. Although we advance third-party disbursements in reasonable amounts, we will ask you to pay directly larger third-party invoices (usually those over $500). Because we often have ongoing professional relationships with the persons who render such services, we ask that you pay such bills promptly and send us notice of your payment.

We generally make and retain copies of all documents generated or received by us in the course of your representation. Should you request documents from us at the conclusion of our representation of you (other than your original documents), you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

**Billing Arrangements And Terms of Payment**

Should your account become delinquent and satisfactory payment terms are not arranged, as permitted under the rules regulating our profession we will be required to withdraw from the representation.

If the representation will require a concentrated period of activity, such as a trial, arbitration or hearing, we reserve the right to require the payment of all amounts then owing to us and

the payment to us of a deposit for the fees and expenses we estimate will be incurred in preparing for and completing the trial, arbitration or hearing, as well as arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and withdraw from the representation.

We look to you for payment regardless of whether you are insured to cover the particular risk. From time-to-time, we assist clients in pursuing third-parties for recovery of attorneys' fees and other charges resulting from our services. These situations include payments under contracts, statutes or insurance policies. However, it remains your obligation to pay all amounts due to us.

**Termination**

Because our firm has been engaged to provide legal services in connection with the representation in the matter, as specifically defined in our engagement letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, however, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional advice on such issues, the firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.

If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time. Any future engagements would not be performed on the basis of a flat fee unless both parties agree otherwise in writing. Normally, we charge by the hour for our services.

We look forward to the opportunity to complete our representation of you in the specified matter. You may, however, terminate our representation at any time, with or without cause, by notifying us in writing. We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien. You agree that we will own and retain our own files pertaining to the matter or case, including, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyer's work product such as drafts, notes, internal memoranda and legal and factual research including investigative reports, prepared by or for the internal use of lawyers.

Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

//

SULLIVAN BLACKBURN PRATT LLP
Janina M. Hoskins
January 24, 2023

**Document Retention**

At the conclusion of Sullivan Blackburn Pratt LLP's representation of you in this matter, it is our firm's policy to return to you any original documents you sent to us. We also will provide you with copies of any other documents you *specifically request* (such as copies of depositions, court documents, etc.), and you agree to pay for the associated copying costs and any professional time incurred in identifying any such documents you request. You agree that Sullivan Blackburn Pratt LLP may elect to keep, at its own expense, copies of any documents related to this matter or otherwise returned to you.

At the conclusion of our representation of you in this matter, pursuant to our firm's policy, we will send parts of our files that we deem appropriate to a storage facility at our expense. Such files will be maintained for seven (7) years, after which time they will be destroyed. If you would prefer that we send such files to you rather than store or destroy them, please notify us in writing within 90 days after the conclusion of our representation of you in this matter. Documents we choose not to store, and documents you have not requested as provided above, will be destroyed.

Digital files maintained electronically are subject to these same retention policies.

**Disclaimer**

By signing the engagement letter or otherwise indicating your acceptance of the engagement letter, you acknowledge that our firm has made no promises or guarantees to you about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee of any specific result. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

**Our Professional Responsibility**

The code of professional responsibility to which we are subject lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice and conflict of interest with another client.

We try to identify in advance and discuss with our client any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

//

SULLIVAN BLACKBURN PRATT LLP
Janina M. Hoskins
January 24, 2023

### Modification of Our Agreement

The engagement letter and these *Additional Terms of Engagement* reflect our entire agreement on the terms of this engagement. These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by both Sullivan Blackburn Pratt LLP and you.

### In Conclusion

We look forward to a long and mutually satisfying relationship with you. Again, if at any time you have a question or concern, please feel free to bring it to the attention of your principal contact at our firm.